Rubenstein v. Circuit City Stores     CV-97-484-SD   6/24/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Barry Rubenstein

_____v.                                    Civil No. 97-484-SD

Circuit City Stores, Inc.


PROTECTIVE ORDER


In this diversity action, plaintiff Barry Rubenstein seeks damages from his former employer, Circuit City Stores.  Currently at issue is a discovery dispute arising from plaintiff's request for production of documents.  Circuit City seeks a protective order covering documents it considers confidential.  Although Rubenstein has agreed to sealing the documents, he objects to sealing any court pleadings and asks the court to compel Circuit City to produce the documents at issue.

The relevant Federal Rule of Civil Procedure provides:

> Upon motion by a party . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Rule 26(c), Fed. R. Civ. P.

"A plain reading of the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery material in question should not receive judicial protection and therefore would be open to the public for inspection. . . . Any other conclusion effectively would negate the good cause requirement of Rule 26(c): Unless the public has a presumptive right of access to discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event."

Public Citizen v. Ligget Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988) (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145-46 (2d Cir. 1987)).

Thus the court will seal the discovery documents only to the extent that the defendant has shown good cause. "'Judges must guard against any notion that the issuance of protective orders is routine, let alone automatic, even when the application is supported by all parties.'" Nault's Auto. Sales v. American Honda Motor Co., 148 F.R.D. 25, 44 (D.N.H. 1993) (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access*

*to the Courts*, 105 Harv. L. Rev. 427, 492 (1991)). The protection of trade secrets is good cause for the sealing of documents. The court finds, however, that the definition of confidential information contained in the defendant's proposed protective order is far too broad. Circuit City would include "any document referring in any manner to any customer or potential customer of the defendant, defendant's employment practices, or other business related information. . . . " [Proposed] Protective Order at 2 (attached to Defendant's Motion for Protective Order). This definition would cover all documents produced by Circuit City. Circuit City has not shown good cause for such a broad protective order. Accordingly, the court will limit the protective order to bona fide trade secrets, as defined by applicable federal and state law.

The main point of contention is whether, and to what extent, the pleadings should be sealed. "The common law presumes a right of public access to judicial records." <u>Siedle v. Putnam Investments, Inc.</u>, 1998 WL 309277, *3 (1st Cir. 1998). However, "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." <u>Id.</u> In this case, to be effective, the protection against revealing confidential information must extend to such information quoted in or appended to court filings. Thus, to the extent plaintiff repeats confidential information or appends such information to its pleadings or memoranda, that portion of the filing shall be

submitted under seal. Consideration of the right of public access dictates that pleadings be sealed only to the extent absolutely necessary. Thus this requirement will not apply to entire filings, but only to the portion containing confidential information.

In accordance with the above, the court finds good cause exists for the issuance of a protective order. In response to plaintiff's first (document 8) and second (document 18) motions to produce and defendant's motion for protective order (document 10), the court orders the defendant to produce the documents and answer plaintiff's interrogatories subject to the following:

1. <u>Information Subject to Protective Order.</u> Documents or information produced by a party (or a party's agent or representative), or on behalf of a party, during discovery, by way of answers to interrogatories, production of documents, depositions, responses to requests for admissions, subpoena duces tecum, or other discovery devices, or for use at trial, designated as Confidential Information, as defined below, shall be subject to the provisions of this protective order. The parties expressly recognize that such documents and information may include, but are not limited to, documents and information that contain trade secrets and information in which current and former employees have a privacy interest.

2. <u>Definition of Document.</u> For purposes of this protective order, the term Document shall mean and include those items

specifically set forth at Rule 34(a) of the Federal Rules of Civil Procedure, and shall further mean, without limitation, documents produced by a party (or any of a party's employees, former employees, or agents) in this action pursuant to court rules or orders, subpoenas, agreements of the parties or otherwise, deposition transcripts and exhibits, and any portions of any court papers which quote from or paraphrase any of the foregoing. The term Document shall refer to the original and any copies.

3. <u>Definition of Confidential Information.</u> For purposes of this protective order, the term Confidential Information means any trade secret as defined by applicable state and federal laws or a medical record of a party, which is designated in good faith as confidential by that party, whether a document, information revealed during a deposition, information called for in response to an interrogatory, or otherwise.

4. <u>Designation of Confidential Information.</u> All written information, or any portion, supplied or designated by any party as Confidential Information shall be so designated by placing on each page (or as otherwise agree by counsel in writing) a stamp or other notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

5. <u>Information at Depositions.</u> Information disclosed at the deposition of a witness, a party or one of its present or former officers, directors, employees, or independent consultants

5

may be designated by a party as Confidential Information by indicating on the record at the deposition, or notifying all parties within 10 days of receipt of the deposition transcript, that the testimony is Confidential Information and subject to the provisions of this protective order.

6. <u>Use of Confidential Information.</u> Except upon the written consent of counsel for the party that has designated the Confidential Information, or upon order of this court for good cause shown, Confidential Information shall not be disclosed to any other person other than the following "Qualified Parties":

(a) judicial personnel and members of their staff;

(b) the parties' counsel, and the employees or independent contractors of counsel assisting in the preparation of this litigation;

(c) the parties;

(d) deposition and trial witnesses;

(e) court reporters who record depositions or other testimony in this case. Except for court personnel and counsel, the Qualified Party to whom Confidential Information will be disclosed shall first execute a copy of an affidavit acknowledging receipt of this protective order and agreement to be bound by its terms.

7. <u>Limitation on Use.</u> Each party's use of Confidential Information is expressly limited to such use and disclosure as may be required by the party in the prosecution or defense of

6

this action, subject to the terms and conditions of this protective order.  No party shall use or disclose any Confidential Information or any summary or portion of Confidential Information, in any form, whether written, oral, or otherwise, except as expressly set forth in this protective order.

8.  <u>Filing of Confidential Information; Use at Trial or Hearing.</u>  All Confidential Information subject to confidential treatment in accordance with the terms of this protective order that is filed with the court, and any portion of pleadings, motions or other papers filed with the court disclosing any such Confidential Information shall be filed under seal in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title of the action, the words "CONFIDENTIAL UNDER COURT ORDER," and shall be filed under seal and kept under seal until further order of the court.

9.  <u>Conclusion of Action.</u>  All parties' counsel shall, within 30 days of the final termination of this action, assemble and return to the producing party (or dispose of it as otherwise agree upon by counsel in writing) all Confidential Information and copies, including Confidential Information which a party or its counsel have disseminated or disclosed to any Qualified Person.

10.  No Effect on Admissibility.  Nothing contained in this Protective Order shall operate as an admission or assertion by any party or a witness that any particular document or information is admissible into evidence, and no objection to production or admissibility is waived by this order.

11.  Relief.  Nothing in this Order shall be construed so as to waive or otherwise compromise an opposing party's right to contest any particular designation for specific documents or other materials and to remove the particular designation.  However, this order shall apply to all such documents and materials so designated until such time as the court determines that any designated documents or other materials are not confidential and do not warrant the protection provided by this order or the Federal Rules of Civil Procedure.

12.  Sanctions.  Any Qualified Party receiving Confidential Information who violates this protective order shall be sanctioned in a manner to be determined by the court.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 24, 1998
cc:  Eleanor H. MacLellan, Esq.
     Barry Needleman, Esq.
     Philip J. Moss, Esq.